1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA LACKMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>BLAZIN WINGS, INC., et al.,<br><br>                              Defendants. | Case No.:  3:20-cv-1256-BEN-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND PRETRIAL DEADLINES**<br><br>**[ECF No. 37]** |

        This matter comes before the Court on the parties' Joint Motion to Extend Discovery Deadlines and Other Related Deadlines. ECF No. 37. The motion at hand is related to Plaintiff's upcoming Independent Mental Examination ("IME"), which the parties jointly requested pursuant to Federal Rule of Civil Procedure 35. *See* ECF Nos. 35, 36. Due to illness, Plaintiff was unable to attend the first day of the IME as originally scheduled. The parties conferred, and mutually agreed to reschedule both dates of the IME. However, the parties' agreed-upon doctor who shall conduct the IME, Dr. Ellen Stein, is unavailable to complete both days of the examination prior to the current close of fact discovery. Accordingly, the parties request an extension of the fact discovery deadline by 31 days, with a concomitant extension of other deadlines in the Scheduling Order by 30 days. *See* ECF No. 37.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here the parties request an extension of the pretrial dates and deadlines in order to accommodate Plaintiff's IME. In the Joint Motion, the parties have aptly demonstrated that, despite their diligence and cooperativeness, it is infeasible for the parties to complete Plaintiff's IME or for Dr. Stein to complete any related Rule 26(a)(2)(B) report within the current scheduling constraints, for reasons beyond counsel's control. Moreover, the requested extension is modest and narrowly tailored to the reason underlying the need. Therefore, the Court finds good cause to GRANT the Joint Motion. Accordingly, it is hereby **ORDERED**:

1. Fact discovery shall be completed by all parties by **May 10, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an**

**order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2.    The parties shall designate their respective experts in writing by **May 13, 2021**.  Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **June 14, 2021**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3.    By **May 13, 2021**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition,**

**the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

4.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **June 14, 2021**.

5.      All expert discovery shall be completed by all parties by **July 14, 2021**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6.      All other pretrial motions must be filed by **August 16, 2021**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

All other dates and deadlines shall remain as previously set.

**IT IS SO ORDERED.**

Dated:  March 2, 2021

Honorable Allison H. Goddard
United States Magistrate Judge