UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA LACKMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>BLAZIN WINGS, INC., et al.,<br><br>                            Defendants. | Case No.: 3:20-cv-1256-BEN-AHG<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND EXPERT DISCLOSURE AND REBUTTAL DEADLINES**<br><br>**[ECF No. 42]** |

This matter comes before the Court on the parties' Joint Motion to Extend Expert Disclosure and Rebuttal Deadlines Only. ECF No. 42.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties seek modest extensions of the Expert Designation and Disclosure Deadline from May 13 to June 3, 2021, and of the Rebuttal Expert Exchange and

Supplemental Disclosure deadline from June 14 to June 24, 2021. ECF No. 42 at 3. In support, the parties explain that Plaintiff was unable to appear for the second day of her independent medical examination ("IME") as originally scheduled on April 12, 2021, due to lack of childcare. *Id.* at 3. Counsel met and conferred to reschedule the IME, but could not reschedule it until May 5, 2021 due to scheduling constraints. Because that date is only eight days prior to the current deadline for Rule 26 disclosures, the parties need additional time for Dr. Stein—who is conducting the IME—to complete her report.

Based on these facts, the Court finds good cause to **GRANT** the joint motion. Accordingly, **IT IS ORDERED**:

1. The parties shall designate their respective experts in writing by **June 3, 2021**. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **June 24, 2021**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

2. By **June 3, 2021**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **June 24, 2021**.

1   All other dates and deadlines remain as previously set in the operative case schedule
2   set forth in the Court's October 13, 2020 Scheduling Order (ECF No. 15), as modified most
3   recently by the Court's March 2, 2021 Order Granting Joint Motion to Extend Pretrial
4   Deadlines (ECF No. 38).

5   **IT IS SO ORDERED.**

7   Dated: May 4, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge