UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA LACKMAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLAZIN WINGS, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:20-cv-1256-BEN-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO VACATE PRETRIAL DISCLOSURE DEADLINES AND FINAL PRETRIAL CONFERENCE; and**<br><br>**(2) SUA SPONTE RESETTING MANDATORY SETTLEMENT CONFERENCE TO TAKE PLACE IN PERSON**<br><br>**[ECF No. 50]** |

　　　Before the Court is the parties' Joint Motion to Modify Pretrial Disclosure Deadlines and the Final Pretrial Conference. ECF No. 50. Both parties have filed summary judgment motions, each with a hearing date of September 20, 2021. ECF Nos. 45, 46. The pretrial conference in this matter is currently set for October 18, 2021, with other pretrial deadlines coming up in the preceding four weeks. ECF No. 15. In light of the pending cross-motions, the parties ask the Court to temporarily vacate the Pretrial Conference and

related upcoming pretrial deadlines, to be reset following a resolution of the pending cross-motions for summary judgment and/or partial summary judgment. ECF No. 50.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have diligently met the case schedule deadlines, but seek a temporary vacatur of the remaining dates to prevent the wasteful expenditure of time and resources on trial preparation for claims that may be resolved if either of the parties' cross-motions are granted, either in part or in full. Therefore, consistent with Federal Rule of Civil Procedure 1, the Court finds good cause to **GRANT** the Joint Motion (ECF No. 50). Accordingly, it is hereby **ORDERED**:

The Pretrial Conference and all related pre-trial deadlines are **VACATED.** Within **three business days** of the Court's ruling on the cross-motions for summary judgment, the parties are **ORDERED** to meet and confer and to submit a joint motion to the Court proposing new dates for the Final Pretrial Conference and all related pretrial deadlines.

Moreover, although the parties did not request that the upcoming Mandatory Settlement Conference ("MSC") be reset, the Court finds it prudent to hold the MSC after the hearing date on the cross-motions. Accordingly, the MSC is hereby **RESET** from September 13, 2021 to **October 5, 2021** at **2:00 p.m.** before the Honorable Allison H.

Goddard.

Although the MSC was previously set to take place by videoconference, the rescheduled MSC will take place **in person**. At the appointed date and time, all attendees should report to the chambers of Magistrate Judge Allison H. Goddard, located on the third floor of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 3142, San Diego, California 92101. Do not report to Courtroom 3B; report to Chambers. **The Court will consider reverting the MSC to take place via videoconference if any party so requests**. Requests to hold the MSC by videoconference should be lodged with the Court at efile_goddard@casd.uscourts.gov no later than **September 27, 2021**, with all counsel of record copied on the email. Counsel should meet and confer before making any such request to the Court and, if both sides prefer that the conference take place virtually, the parties should make the request jointly.

The parties are not required to submit updated Settlement Conference Statements or Confidential Settlement Letters to the Court. The Court is in receipt of the previously submitted statements. However, if any party wishes to submit an updated statement or letter, counsel should lodge the statement or letter with the Court no later than **September 27, 2021**.

**IT IS SO ORDERED.**

Dated: September 9, 2021

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge