UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA LACKMAN,<br><br>         Plaintiff,<br>v.<br>BLAZIN WINGS, INC., et al.,<br><br>         Defendants. | Case No.: 20cv1256-BEN-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO RESET PRETRIAL DEADLINES AND FINAL PRETRIAL CONFERENCE; and**<br><br>**(2) SETTING MANDATORY SETTLEMENT CONFERENCE**<br><br>**[ECF No. 64]** |

On September 9, 2021, the Court granted the parties' Joint Motion to vacate the pretrial disclosure deadlines and Final Pretrial Conference in this matter, pending the resolution of the parties' cross-motions for summary judgment. ECF No. 51. The Court ordered the parties to meet and confer within three business days of the Court's ruling on the cross-motions for summary judgment and to submit a joint motion to the Court proposing new dates for the Final Pretrial Conference and all related pretrial deadlines. *Id.* at 2.

The Court issued its ruling on the cross-motions on February 24, 2022, denying

Plaintiff's motion for summary judgment and granting in part and denying in part Defendants' motion for summary judgment. ECF No. 63. On March 1, 2022, the parties submitted the instant Joint Motion re Proposed Pretrial Disclosure Deadlines and the Final Pretrial Conference. ECF No. 64.

Good cause appearing, the parties' Joint Motion is **GRANTED**. In addition to resetting the pretrial dates as requested, the Court will also set an additional Mandatory Settlement Conference to take place six weeks prior to trial. Accordingly, it is hereby **ORDERED** as follows:

### Mandatory Settlement Conference

1. A Mandatory Settlement Conference ("MSC") shall be conducted on **June 13, 2022** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **May 23, 2022**. Defendants must respond to Plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **May 30, 2022**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **June 6, 2022**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **June 6, 2022**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's

Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

2. A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference or immediately available to join. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

3. The Court will use its official Zoom video conferencing account to hold the Settlement Conference. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the Settlement Conference.[2] There is a cost-free option for creating a Zoom account.

4. Prior to the start of the Settlement Conference, the Court will email each

---

[1] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

1  participant an invitation to join a Zoom video conference. Again, if possible, participants
2  are encouraged to use laptops or desktop computers for the video conference, as mobile
3  devices often offer inferior performance. Participants shall join the video conference by
4  following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not**
5  **have Zoom already installed on their device when they click on the ZoomGov Meeting**
6  **hyperlink will be prompted to download and install Zoom before proceeding**.

7      5.    Each participant should plan to join the Zoom video conference **at least five**
8  **minutes before** the start of the Settlement Conference to ensure that the conference begins
9  promptly.

10      6.    Zoom's functionalities will allow the Court to conduct the Settlement
11  Conference as it ordinarily would conduct an in-person one. The Court will divide
12  participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3] In a
13  Breakout Room, the Court will be able to communicate with participants from a single
14  party in confidence. Breakout Rooms will also allow parties and counsel to communicate
15  confidentially without the Court.

16      7.    No later than **June 6, 2022**, counsel for each side must send an email to the
17  Court at efile_goddard@casd.uscourts.gov containing the following:

18          a.  The **name and title of each participant**, including all parties and party
19             representatives with full settlement authority, claims adjusters for
20             insured defendants, and the primary attorney(s) responsible for the
21             litigation;
22          b.  An **email address for each participant** to receive the Zoom video
23             conference invitation, and
24          c.  A **cell phone number for that party's preferred point of contact**
25             (and the name of the individual whose cell phone it is) for the Court to

---

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

use during the Settlement Conference to alert counsel via text message that the Court will soon return to that party's Breakout Room.

8. All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving while speaking to the Court. Although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

**Pretrial Deadlines and Final Pretrial Conference Date**

9. In jury trial cases before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

10. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **June 27, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **July 5, 2022**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **July 11, 2022**,

plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 18, 2022**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **July 25, 2022** at **10:30 a.m**.

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: March 1, 2022

_Allison H. Goddard_
Honorable Allison H. Goddard
United States Magistrate Judge